**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR NO 03-00514-02 DAE |
| Plaintiff, ) | |
| vs. ) | FILED IN THE UNITED STATES DISTRICT COURT DISTRICT OF HAWAII |
| EDWARD RAMOS, ) | MAR 0 2 2004 |
| Defendant. ) | at 11 o'clock and 15 min. A M. WALTER A.Y.H. CHINN, CLERK |

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

The court heard Defendant's Motion to Suppress on February 19, 2004. Beverly Wee Sameshima, Esq., appeared at the hearing on behalf of Plaintiff; Hayden Aluli, Esq., appeared at the hearing on behalf of Defendant. After reviewing the motion and the supporting and opposing memoranda, the court DENIES Defendant's Motion to Suppress Evidence.

## BACKGROUND

On October 7, 2003, the Maui Police Department ("MPD") Officer Jeffery filed an affidavit for two state search warrants in the District Court of the Second Circuit. On the same day, District Court Judge Rhonda Loo issued Search

limited to, a FedEx receipt for a shipment sent to Las Vegas on October 6, 2003, with the return name and address of "Zachary E. Ramos, 6465 Kula Hwy, Kula, HI 96797." Defendant premises his argument that the evidence should be suppressed on two grounds: first, Defendant argues that the reliability of the confidential informant was not established nor corroborated and therefore the Government lacked probable cause, and secondly, that the police exceeded the scope of the search warrants when it seized the FedEx receipt.

## DISCUSSION

The issuing judge's finding of probable cause is entitled to great deference.[1] This court will not find a search warrant invalid if the issuing judge had a "substantial basis for concluding that the supporting affidavit established probable cause." United States v. Clark, 31 F.3d 831, 834 (9th Cir. 1994); Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317 (1983). Moreover, when considering the validity of the issuing judge's decision to issue a search warrant, this court

---

[1] When discussing the appropriate standard involved in considering whether or not a warrant was properly issued, most cases refer to person who issued the warrant as the magistrate judge as opposed to the issuing judge. In the instant case, Defendant is challenging the sufficiency of two state warrants issued by a state judge. The court finds that the deferential standard applied to a magistrate judge is the same as the standard that should be applied to any judge that issued the particular warrants at issue in a case.

As a preliminary matter, Defendant does not specifically challenge the veracity of the actual statements made in the warrants. Instead, Defendant argues that the issuing judge lacked probable cause to issue the warrant because the affidavits failed to establish the veracity of the informant himself and provide sufficient corroboration.[2] See Defendant's Motion at 2. As discussed above, in considering whether there is sufficient probable cause to support a warrant, the issuing judge can look to the veracity of the informant as just one factor in the totality of circumstances. In the instant case, the court finds that the information provided in the affidavit was sufficient for the issuing judge to have concluded that probable cause existed to issue the warrant.

First, with respect to the basis of knowledge of the informant, the affidavit effectively established how informant came by his knowledge. The affidavit states that the Informant had purchased large quantities of crystal methamphetamine from Defendant when Defendant was selling drugs out of his car. Affidavit at ¶¶ 9(g) - (l), Exh. A to Defendant's Motion ("Affidavit"). The

---

[2] Even if Defendant were challenging the veracity of the statements in the affidavit, as established in Franks v. Delaware, to warrant an evidentiary hearing, Defendant would have had to allege "deliberate falsehood" or "reckless disregard for the truth, and those allegations must be accompanied by an offer of proof." Franks v. Delaware, 438 U.S. 154, 171 (1978). Defendant has not alleged in his complaint that the information supporting the affidavit was false or that the Affiant was reckless in disregard of the truth.

degree. Affidavit at 10. Moreover, when police arrested the Informant on October 6, 2003, he had on his person six ounces of methamphetamine thereby corroborating his statement that he had purchased six ounces of the substance from Defendant on October 5, 2003.

Finally, in relaying the various details as to his drug purchases from Defendant, the Informant made a statement against his penal interest. Although officers recovered six ounces of the methamphetamine, the Informant admitted he had previously purchased an additional six ounces in the five preceding weeks. Accordingly, the court finds that the information provided on the affidavit was such that the issuing judge had a substantial basis to believe that the supporting affidavit established probable cause.

Defendant next contends that the seizure of the FedEx airbills was improper because the item was not described in the warrant. In support of its contention, Defendant states that the Fourth Amendment requires that a warrant describe with "particular[ity] . . . the place to be searched and the persons or things to be seized." U.S. CONST. amend. IV. The court, however, finds that the warrant did authorize for the seizure of the FedEx airbills that were ultimately recovered, and that the warrant does state with sufficient particularity the things to be seized.

reasonable officer could conclude that the second airbill related to Defendant's alleged distribution of methamphetamine.

The court will next consider whether or not the warrant as written is overly general. The purpose behind the particularity requirement is to prevent the issuance of warrants that would result in "a general, exploratory rummaging in a person's belongings." Andresen v. Maryland, 417 U.S. 463, 480 (1976)(quoting Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971)(plurality opinion). A search warrant need only be "reasonably specific, rather than elaborately detailed, and the required specificity varies depending on the circumstances of the case and the types of items involved." United States v. Rude, 99 F.3d 1538, 1551 (9th Cir. 1996). In determining whether or not a warrant is sufficiently specific, courts consider three factors:

> (1) Whether probable cause exists to seize all items of a particular type described in the warrant;
>
> (2) whether the warrant sets out objective standards by which executing officers can differentiate items subject to seizure from those which are not; and
>
> (3) whether the government was able to describe the items more particularly in light of the information available to it at the time the warrant was issued.

United States v. Noushfar, 78 F.3d 1442, 1447 (9th Cir. 1996)(quoting United States v. Spilotro, 800 F.2d 959, 963 (9th Cir. 1986).

9

the affidavit, the Government includes a laundry list of various items that might fall under the categories of articles of identification, paraphernalia associated with the use/distribution of methamphetamine, and records relating to that distribution. The court finds that the Government could not have been more specific under the circumstances. Accordingly, the court finds that the warrants issued were sufficiently particular under the requirements of the Fourth Amendment.

\* \* LABEL LIST \* \*

Case Number:1:03-cr-00514

Beverly W. Sameshima, Esq.
Office of the United States Attorney
Prince Kuhio Federal Building
300 Ala Moana Blvd Ste 6100
Honolulu, HI  96850

Richard S. Kawana, Esq.
4 S King St Ste 201
Honolulu, HI  96813

Hayden Aluli, Esq.
707 Alakea St Ste 208
Honolulu, HI  96813

William M. Domingo, Esq.
Office of the Federal Public Defenders
PJKK Federal Building
300 Ala Moana Blvd Rm 7-104
Honolulu, HI  96813

USM
PTS
USPO